[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 1232
Plaintiff Reliable Refuse ("Reliable") and defendant Glastonbury Towne Pharmacy ("Towne Pharmacy") entered into a contract on November 23, 1992, wherein Reliable agreed to begin removing Towne Pharmacy's garbage on December 1, 1992 and monthly thereafter for a period of three years. The terms of the agreement required Towne Pharmacy to pay Reliable $390.88 per month for the duration of the agreement. Towne Pharmacy paid that amount until February of 1993.
In February, 1993 Reliable unilaterally reduced the amount it billed to $250.88 per month. Towne Pharmacy paid that amount monthly until April 1995. In April 1995 Reliable again unilaterally reduced the amount it billed Towne Pharmacy to $150.00 per month, and Towne Pharmacy paid that amount until December 1995.
At the end of the three-year period, Towne Pharmacy did not renew the contract. Reliable claims that it should now be paid the amount set forth in the original contract ($390.88) because it had the expectation of the contract being renewed, and that it was for this reason that it reduced the price. It claims that because its reductions in the agreement price were unsupported by consideration, the original price governs. It cites Thermoglaze, Inc. v. Morningside Gardens Co.,23 Conn. App. 741, 745.
Although there was no consideration in the Thermoglaze
case, the factual situation is quite different in the present case. Here, according to the terms of the contract, Towne Pharmacy could have terminated the agreement at any time by paying liquidated damages. The plaintiff reduced the price because it became aware that the defendant was considering hiring somebody else to handle the work at a lower price. Accordingly, the plaintiff reduced the price unilaterally so that it could keep the defendant as a customer. The plaintiff wanted to keep the defendant's business because its location was "an important visible stop" and it wanted to "do it for advertising." By reducing the price it was able to keep the defendant's business during the three-year period. However, there was no obligation or agreement on the part of Towne Pharmacy that it would renew the contract after the three-year period. The court finds that the plaintiff has failed to prove that it should be paid the original contract price. CT Page 1233 Clearly it lowered the price unilaterally for its own benefit.
Judgment may enter for the defendant.
Allen, Judge Trial Referee